UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRASNIQI BEQIR, ) Case No. C05-1587-RSM-JPD | |
| Petitioner, ) | |
| v. ) REPORT AND RECOMMENDATION | |
| A. NEIL CLARK, *et al.*, ) | |
| Respondents. ) | |

## I. INTRODUCTION

Petitioner Krasniqi Bequir is a native and citizen of Yugoslavia who is currently in the custody of the United States Immigration and Customs Enforcement ("ICE"). On September 29, 2005, he filed, *pro se*, a habeas corpus petition under 28 U.S.C. § 2241, challenging his final order of removal and his continued detention. (Dkt. #1). Petitioner alleges that the "[d]eportation charge is vague" under section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), and that his continued detention is unlawful because he was taken into ICE custody following an "unlawful arrest." (Dkt. #1 at 3). Petitioner also contends that he is entitled as a matter of procedural due process to a bond hearing before a neutral adjudicator. (Dkt. #14 at 8). Respondents argue that the Court lacks jurisdiction to hear petitioner's challenge to his underlying removal order under the REAL ID Act, and that petitioner is lawfully detained pending the outcome of his removal proceedings. (Dkt. #11).

REPORT AND RECOMMENDATION
PAGE -1

Having reviewed the entire record, I recommend that petitioner's habeas petition be GRANTED in part and DENIED in part, and that respondents' motion to dismiss be GRANTED in part and DENIED in part.

## II. BACKGROUND

Petitioner Krasniqi Bequir is a native and citizen Yugoslavia. (Dkt. #12 at L27). He initially entered the United States at New York, New York, on or about April 2, 1985, as a non-immigrant visitor with authorization to remain in the country until October 1, 1985. *Id.* On June 15, 1990, petitioner applied for political asylum in New York. (Dkt. #12 at L9). On November 6, 1990, petitioner was advised that the former Immigration and Naturalization Service intended to deny his request for asylum based on its opinion that petitioner did not have a well-founded fear of persecution upon return to Yugoslavia within the meaning of the INA. (Dkt. #12 at R49, R83, L10).

On June 14, 2004, he was arrested by the Anchorage Police Department for indecent exposure outside a restaurant in Anchorage, Alaska. (Dkt. #12 at R82-83). The Anchorage Police Department notified the Anchorage ICE field office that petitioner, a native and citizen of Yugoslavia, had been arrested for indecent exposure. (Dkt. #12 at R78). The indecent exposure charge was subsequently dropped. Following his police detention, petitioner was transferred to the custody of ICE officials in Anchorage. (Dkt. #12 at R78). On June 23, 2004, while still in custody, petitioner was served with a Notice to Appear charging him with removal under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), for remaining in the United States beyond October 1, 1985, without authorization. (Dkt. #12 at R82). The Department of Homeland Security ("DHS") determined that petitioner was a flight risk due to two previous arrests in Florida and Arizona for Lewd Behavior and Aggravated Assault, respectively, though neither or those arrests resulted in conviction, and set bond at $15,000. (Dkt. #12 at R82). Petitioner declined a redetermination of the DHS custody determination by an Immigration Judge. (Dkt. #12 at L14).

On March 7, 2005, petitioner appeared for his Master Hearing before an Immigration Judge ("IJ"). (Dkt. #12 at L207-228). The IJ denied petitioner's application for asylum and

withholding of removal, and his application for special-rule cancellation of removal under NACARA.[1] *Id.* The IJ ordered petitioner removed from the United States to Australia or, in the alternative, Serbia-Montenegro, based on the charges in the Notice to Appear. *Id.*

On March 15, 2005, petitioner filed a Notice of Appeal with the Board of Immigration Appeals ("BIA"). (Dkt. #12 at L232). On June 21, 2005, the BIA affirmed the IJ's decision. (Dkt. #12 at L238). On July 5, 2005, petitioner appealed to the Ninth Circuit Court of Appeals. (Dkt. #12 at R91-116). The Ninth Circuit ordered a stay of removal pending its review of petitioner's appeal. (Dkt. #12 at R119). Petitioner's appeal is currently pending with the Ninth Circuit. On October 14, 2005, ICE Field Office Director A. Neil Clark issued a letter, denying petitioner release from detention. (Dkt. # 12 at L398-99). Mr. Clark stated that,

> An officer of Immigration and Customs Enforcement (ICE) has recently reviewed your case. The officer has presented the results of that review to me so that I may make a decision regarding your custody status. Therefore, pursuant to the authority contained in section 236 and 241 of the Immigration and Nationality Act, and parts 236 and 241 of the Code of Federal Regulations, I have determined that you shall continue to be detained in the custody of ICE pending the result of your appeal before the Ninth Circuit Court of Appeals. Your case will be reviewed again in approximately one year.

*Id.*

### III.  DISCUSSION

A.   Subject Matter Jurisdiction.

Petitioner argues that the IJ's removal order is "vague," therefore making his detention unlawful. Plaintiff further claims constitutional violations under the First, Fourth, Fifth, and Eighth Amendments as well as violations of various regulations and civil rights statutes. (Dkt. #1). Pursuant to Section 106 of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (codified at 8 U.S.C. § 1252), however, claims by petitioner in which he challenges his administratively final order of removal may not be considered in this habeas corpus action. The sole and exclusive means to review an order or removal, such as the one challenged herein, is

---

[1] Nicaraguan and Central American Relief Act of 1997, Pub. L. No. 105-100, 111 Stat 2193, 2196 ("NACARA"), *amended by*, Pub. L. No. 105-139, 111 Stat. 2644.

REPORT AND RECOMMENDATION
PAGE -3

through a petition for review with the appropriate court of appeals. INA § 242(a)(5), (b)(2), 8 U.S.C. § 1252(a)(5), (b)(2). Accordingly, petitioner's claims challenging his removal order must be dismissed. Nonetheless, his separate claim that he is entitled to release from detention pending removal is properly before the district court on petition under 28 U.S.C. § 2241.

      B.      <u>The Exclusionary Rule is Inapplicable</u>.

Petitioner claims that his June 14, 2004, arrest by the Anchorage Police Department for indecent exposure, which led to his being placed in removal proceedings, was unlawful and in violation of the Fourth Amendment. (Dkt. #1 at 3). Petitioner appears to challenge his detention on the basis that his immigration arrest was the "fruit" of an unlawful arrest and "conspiracy." (Dkt. #1 at 3.2.).

As a general rule, the exclusionary rule is not applicable in civil removal proceedings to suppress evidence asserted to be procured in violation of the Fourth Amendment. *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1040, 104 S. Ct. 3479 (1984)("[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding."); *see also Cervantes-Cuevas v. INS*, 797 F.2d 707, 710 (9th Cir. 1985); *Medina-Sandoval v. INS*, 524 F.2d 658 (9th Cir. 1975). Moreover, "[i]nsofar as a petitioner's challenge rests on an allegedly illegal arrest which results in identifying a person for deportation proceedings does not invalidate the proceedings." *Wong Chung Che v. INS*, 565 F.2d 166, 168 (1st Cir. 1977); *see also Hoosilapa v. INS*, 575 F.2d 735, 738 (9th Cir. 1978).

Here, the Anchorage Police Department notified the Anchorage ICE field office that petitioner, a native and citizen of Yugoslavia, was arrested for indecent exposure. Immigration officers reviewed petitioner's alien file and determined that he had overstayed his visitor visa. While in the custody of the State of Alaska pending disposition of his indecent exposure charge, immigration officers issued a Warrant for Arrest of Alien and petitioner was transferred into ICE custody thereafter. (Dkt. #12 at R83, L25).

Even assuming arguendo that petitioner's arrest by the Anchorage Police Department was unlawful, it is well established that the illegal arrest of an alien unlawfully in the United States

REPORT AND RECOMMENDATION
PAGE -4

does not void a subsequent deportation order based on the alien's admission of his status. *Lopez-Mendoza*, 468 U.S. at 1040. As the Supreme Court recently held, even when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual, including his or her name, date and place of birth, and immigration status. *Meuhler v. Mena*, 544 U.S. 93, 125 S. Ct. 1465, 1471, 1472 n.3 (2005). Accordingly, petitioner's argument that his immigration detention is unlawful as the fruit of an unlawful arrest is without merit.

C. <u>Procedural Due Process</u>.

Petitioner argues that he is entitled as a matter of due process to a bond hearing before a neutral adjudicator. In this case, petitioner has not had a bond hearing before a neutral adjudicator. Rather, the ICE Field Office Director issued a written determination denying petitioner's request for release.

The Court agrees that petitioner's due process rights have been violated by ICE's failure to provide him with an individualized bond hearing. *See Morisath v. Smith*, 988 F. Supp. 1333, 1340 (W.D. Wash. 1997)(citing *St. John v. McElroy*, 917 F. Supp. 243, 248 (S.D.N.Y. 1996); *Caballero v. Caplinger*, 914 F. Supp. 1374, 1378 (E.D. La. 1996); *Kellman v. District Director*, 750 F. Supp. 625 (S.D.N.Y. 1990); *Paxton v. INS*, 745 F. Supp. 1261, 1265 (E.D. Mich. 1990); *Agunobi v. Thornburgh*, 745 F. Supp. 533 (N.D. Ill. 1990); *Leader v. Blackman*, 744 F. Supp. 500 (S.D.N.Y. 1990)); *see also Morales-Izquierdo v. Johnston*, Case No. C03-89Z (W.D. Wash); *Felix v. Ashcroft*, Case No. 02-2330L (W.D. Wash). Furthermore, it is not enough that the ICE Field Office Director has provided a written decision denying petitioner's release on bond. In *Morisath*, the Court determined that a "written decision [by the District Director] . . . is inadequate to satisfy due process." *Morisath*, 988 F. Supp. at 1340. As the Court explained in *St. John*, "due process requires . . . consideration of whether [petitioner], viewed as an individual, presents a risk to abscond and a threat to the community's safety." *St. John*, 917 F. Supp. at 238. Accordingly, the Court finds that to satisfy the requirements of due process, petitioner is entitled to an individualized bond hearing before a neutral adjudicator, not just a written decision rendered

by the ICE Field Office Director, at which he can attempt to show that he does not pose a flight risk or a danger to the community.

## IV. CONCLUSION

    For the foregoing reasons, I recommend that petitioner's habeas petition (Dkt. #3) be GRANTED in part and DENIED in part, and that respondents' motion to dismiss (Dkt. #11) be GRANTED in part and DENIED in part.  A proposed Order accompanies this Report and Recommendation.

    DATED this 24th day of February, 2006.

                                              /s/ James P. Donohue
                                              JAMES P. DONOHUE
                                              United States Magistrate Judge