UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRASNIQI BEQIR,[1]

    Petitioner,

v.

A. NEIL CLARK, *et al.*,

    Respondents.

CASE NO. C05-1587-RSM-JPD

ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION AND DENYING HABEAS PETITION

This matter comes before the court on petitioner's and respondents' Objections to the Report and Recommendation ("R&R") issued by United States Magistrate Judge James P. Donohue, recommending that this Court grant petitioner's habeas petition in part and remand the matter to an Immigration Judge ("IJ") for a bond hearing. (Dkt. #15-1).

Having reviewed the R&R in light of petitioner's and respondents' objections, as well as the remainder of the record, the Court does hereby find and ORDER:

(1) The Court ADOPTS the R&R to the extent that it determines that the Court has

---

[1] The name of this case and the R & R indicate that Beqir is petitioner's last name.  However, the remainder of his administrative record demonstrates that his last name is Krasniqi.  (*See, e.g.* Dkt. #12 at L27).

ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART R&R
PAGE - 1

proper subject matter jurisdiction over petitioner's request for release pending appeal.

(2) The Court ADOPTS the R&R to the extent that it determines that the "exclusionary rule" does not apply in civil removal proceedings.

(3) The Court DECLINES TO ADOPT the R&R to the extent that it finds that petitioner's due process rights have been violated, and to the extent that it recommends that this court remand the matter to an IJ for a bond hearing.

The Court finds that petitioner does not have standing to raise a claim that the written hearing procedure provided to him was insufficient to satisfy due process requirements. In order to have standing to bring his due process claim, petitioner must have suffered actual injury as a result of the written hearing about which he complains. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136 (1992); *see also Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180 (1996) (holding that prisoners did not have standing to bring claims that the insufficiency of the prison library violated their constitutional rights unless they showed that this actually hindered their efforts to pursue legal claims). Petitioner wholly refused to avail himself of the written hearing procedure provided by ICE. (Dkt. #19 at 6). Petitioner therefore cannot claim that his continued detention resulted from the written hearing procedure, and the Court will not speculate as to what the outcome of the written hearing would have been had petitioner participated.[2] Because petitioner cannot claim actual injury as a result of the ICE hearing procedure, he does not have standing to bring a due process claim.

(4) The Court adds the following in response to petitioner's objections:

   a. *Post-Removal-Order Detention and Zadvydas*

---

[2]Historically, courts have relied on the doctrine of "waiver" as the basis for the proposition that detainees who do not avail themselves of available procedures may not bring claims that those procedures violated their due process rights. *See, e.g. Rathjen v. Litchfield*, 878 F.2d 836, 840 (5th Cir. 1989); *Dusanek v. Hannon*, 677 F.2d 538, 543 (2d Cir. 1982). However, following the *Lujan* decision and its line of standing jurisprudence, courts have analyzed failure to avail onself of available procedure as a standing question. *See Shavitz v. City of High Point*, 270 F.Supp.2d 702, 710 n8 (M.D.N.C. 2003) (finding that "[p]laintiff [had] not taken advantage of the procedural processes offered to him, therefore he [had] not been harmed one way or another by such processes and, accordingly, [could] not challenge them on due process grounds.").

ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART R&R
PAGE - 2

Petitioner argues that he is being held indefinitely, contrary to the mandate in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). (Dkt. #22 at 1-2). The *Zadvydas* court held that a court may order a detainee to be released if: (1) his removal period has expired, (2) he has been held for an additional ninety days, and (3) the government cannot show that he will be removed in the foreseeable future. *Id.* The *Zadvydas* rule is inapplicable to petitioner for two reasons. First, petitioner's removal period has not yet begun because the Ninth Circuit has stayed his removal pending his appeal.[3] *See* 8 U.S.C. § 1231(a)(1)(B)(ii). Second, respondents correctly note that petitioner's removal is reasonably foreseeable; when the Ninth Circuit decides his appeal, ICE will remove or release petitioner. (Dkt. #19 at 8). This Court is not compelled to order petitioner's release pursuant to *Zadvydas*.

*b. Fifth Amendment Self-Incrimination*

Petitioner also argues that respondents violated his Fifth Amendment protection against self-incrimination. He submits that respondents used evidence that the Anchorage police obtained in a coercive interrogation in order to place him in removal proceedings and detain him. (Dkt. #18 at 4). However, the record shows that respondents did not use any evidence obtained in connection with petitioner's arrest in order to initiate removal proceedings against him. Instead, the Anchorage police merely correctly identified petitioner, and ICE officials

---

[3]Respondents argue that petitioner's removal period has, in fact, begun because his removal order is administratively final, and he is therefore being held under INA section 241 (8 U.S.C. § 1231 (2005)) (the post-removal-order provision of the statute). (Dkt. #19 at 3-4); *See* 8 U.S.C. § 1231(b)(i). However, the plain language of section 241(b) provides that if a judicial court stays the alien's removal pending judicial review, the removal period does not begin until that court has issued a final order. 8 U.S.C. § 1231(b)(ii). The Ninth Circuit has granted petitioner a stay of removal pending appeal. (Dkt. #15 at 3). Accordingly, petitioner is still being held under INA section 236 (the pre-removal-order provision of the INA). Respondent cites one case on point (an unpublished order from this Court) for the proposition that once a removal order is administratively final, an alien is subject to "post-removal-order" detention under section 241. *Glassia v. Coleman*, C02-1222R (W.D. Wash.) (Order Denying Petitioner's Motion for Reconsideration). However, the Court is persuaded by other well-reasoned authority, including a more recent published decision from this Court, indicating that section 236 (the pre-removal-order provision) applies to petitioner. 8 U.S.C. § 1226 (2005). *See Quezada-Bucio v. Ridge*, 317 F.Supp. 1221, 1223-1224 (W.D. Wash. 2004); *Morena v. Gonzales*, 2005 WL 3277995, *3-4 (M.D. Penn. 2005); *Wang v. Ashcroft*, 320 F.3d 130, 147 (2d Cir. 2003). The Court concludes that petitioner is being held pursuant to INA section 236, and that his removal period has not yet begun.

ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART R&R
PAGE - 3

1  subsequently reviewed his file and determined that he had overstayed his visa and was likely
2  removable. (*See* Dkt. #15 at 4). Petitioner's Fifth Amendment self-incrimination claim fails.
3      *c. Costs and Fees Pursuant to the Equal Access To Justice Act*
4      Last, petitioner requests "financial compensation" under the Equal Access to Justice Act,
5  28 U.S.C. § 2412 et. seq. (1994 and supp. 2005).  (Dkt. #22 at 2-3).  The EAJA directs the
6  court to award costs, fees, and other expenses of the prevailing party in a civil action against the
7  United States, unless the United States' position was substantially justified. 28 U.S.C. §
8  2412(d)(1)(A) (supp. 2005).  Because petitioner is not the prevailing party in this action, he is
9  not entitled to costs and fees.
10      (5) Petitioner's habeas petition is hereby DENIED.
11      (6)  The Clerk shall direct copies of this Order to all counsel of record, and to the
12  Honorable James P. Donohue, United States Magistrate Judge.

14      DATED this __6__ day of June, 2006.

                                  RICARDO S. MARTINEZ
                                  UNITED STATES DISTRICT JUDGE